*Re-assessment set aside.*

---

### ALEXANDER v. GERMANIA FIRE INSURANCE COMPANY.

*Insurance — fire policy — conditions — construction of policy — Estoppel — Agency.*

The owner of an unoccupied dwelling house, at the solicitation of the agent of an insurance company, took out a policy upon it.  The application, which contained a provision making the statements therein a warranty, was filled out by the agent, who knew all the circumstances.  One of the questions therein was, " For what is the building used and how many tenants are there ? " to which the answer was, " Dwelling."  *Held* (1) that even if plaintiff had himself filled out the application, it would be doubtful if he warranted that it was then occupied; (2) but that being filled out by the company's agent, and the part of the question as to tenants being unanswered, the company only had a covenant that the building, when used, would be used for a dwelling,  *Held*, also, that even if the legal construction was that the house was then used as a dwelling, the company was estopped by the knowledge of its agent.

The policy contained a provision, " that any person other than the assured who may have procured this insurance to be taken, shall be deemed to be the agent of the assured, and not of this company, under any circumstances whatever," etc.  *Held* not to refer to agents of the company, but only to insurance brokers.

Alexander v. Germania Fire Insurance Co.

MOTION by plaintiff for judgment on a verdict directed at the circuit, subject to the opinion of the court at general term.

The action was brought in Suffolk county by George Alexander against the Germania Fire Insurance Company, to recover for the loss by fire of a dwelling house, upon which defendant had issued a policy.

The house mentioned was situated in Bay Shore, in said county, and was, in the month of May, 1872, unoccupied and uninsured. At that time, one Brewster, an agent of defendant at Bay Shore, who was familiar with the house, passed it every day and knew it was vacant; told plaintiff it ought to be insured. Plaintiff, after some hesitation, consented to have it insured, and Brewster took a survey and filled out the usual printed form of application, and plaintiff signed it. Brewster forwarded the application and received the policy, which was delivered to plaintiff and the premium paid.

The application contained this provision : "And the said applicant hereby covenants and agrees to and with the said company that the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation and value of the property to be insured, so far as the same are known to the applicant, and the' same is hereby made a condition of the insurance, and a warranty on the part of the insured."

Among the questions and answers was this:

"*Occupation.* For what purpose is the building used and how many tenants are there? — Dwelling."

The policy contained the provision that "any false representation by the assured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk," should render the policy void. The eleventh clause of the policy was as follows:

"It is a part of this contract that any person other than the assured who may have procured this insurance to be taken by this company shall be deemed to be the agent of the assured named in this policy, and not of this company under any circumstances whatever or in any transaction relating to this insurance."

*William E. Stiger* and *J. Lawrence Smith,* for plaintiff.

*B. C. Chetwood,* for defendant. The statements as to occupation are warranties. *Plumb* v. *Cattaraugus Ins. Co.,* 18 N. Y. 392;

*Chase* v. *Hamilton Ins. Co.*, 20 id. 52; *Jennings* v. *Chenango Co. Mut. Ins. Co.*, 2 Den. 75; *Sarsfield* v. *Metropolitan Ins. Co.*, 42 How. 97; *Smith* v. *Empire Ins. Co.*, 25 Barb. 497; *Leroy* v. *Market Fire Ins. Co.*, 39 N. Y. 90; S. C., 45 id. 80; *Parmelee* v. *Hoffman Fire Ins. Co.*, 54 id. 193; *Colt* v. *Phœnix Fire Ins. Co.*, id. 595. The non-occupation was a breach of the warranty and avoided the policy. *Mead* v. *Northwestern Ins. Co.*, 7 N. Y. 530; *Wustum* v. *City Fire Ins. Co.*, 15 Wis. 138; *Harrison* v. *City Fire Ins. Co.*, 9 Allen, 231; *Witherell* v. *Maine Ins. Co.*, 49 Me. 200; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136. Warranties extend even to known defects. *Kennedy* v. *St. Lawrence Co. Mut. Ins. Co.*, 10 Barb. 285.

BARNARD, P. J. The defendant, on the 17th of May, 1872, issued a policy of insurance to plaintiff on a house in Suffolk county, for one year. The house shortly thereafter burned down. It had been occupied as a dwelling by a Mrs. Mowbray until about a month before the insurance was effected, but at the time of the insurance was unoccupied, and remained so until the fire. The application was taken by Henry Brewster, who for three years had solicited business, filled out applications, received premiums, taken surveys, and made descriptions of buildings for defendant. Mr. Brewster, knowing the house was unoccupied, applied to plaintiff to insure it. After some hesitation, plaintiff consented. Brewster made out the application, wrote all the answers which were written to the questions proposed; plaintiff signed it, and it was sent to the defendant, and upon it the policy in question was issued. In this application there is contained the following question: "Occupation — For what is the building used, and how many tenants are there?" To this the answer written by Brewster was "Dwelling."

It is now claimed that the policy thus issued is void, for the reason that plaintiff by the application made a warranty as to the occupation, which was broken when made, and thereby the policy was of no effect. This presents two questions for examination: What was the warranty in question? What effect had the knowledge of Brewster that the house was unoccupied, upon the defendant?

The question of warranty would not be free from doubt if the application had been filled out by plaintiff. The insured premises had been a dwelling until a few weeks before the fire — was a dwelling house in ordinary and accurate language at the time of

issuing of policy, having no tenant, and was expected to be tenanted as a dwelling in the near future. A general question as to mode of occupation might be answered as it was answered, "dwelling." All doubt is removed as to the question when the additional fact is considered that Brewster solicited and filled up the application himself. He was defendant's agent acting within the scope of his authority. He was told nothing by plaintiff, but wrote the company answer to the question with a full personal knowledge of the facts. Brewster cannot be held 'to have intended to deceive either his own principal or the plaintiff. In view of these facts and of the fact that that part of the question as to number of tenants is unanswered, the legal intendment must be that the company have only a covenant that the building was a dwelling house and when used thereafter should be used as a dwelling.

Assuming that the legal construction of the question and answer to be that the house was, at the date of the application, actually occupied as a dwelling, Brewster knew the fact to be otherwise, and prepared the application for plaintiff to sign. As has been already stated, ordinary men would make the answer in question in reference to an unoccupied dwelling house. The defendant ought to be estopped by the knowledge of its agent when the acts and declarations of the agent induced the contract of insurance. This seems to be the doctrine of the court of appeals on this subject. *Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y. 253; *Rowley* v. *Empire Ins. Co.*, 36 id. 550.

The condition No. 11 annexed to the policy has no reference to a case like this. That condition is directed to that class of persons known as insurance brokers, whose business is to effect insurance for other persons, and who are not agents either of companies or individuals except so far as their acts in each particular case make them so. The defendant says in the condition annexed to its policies that such person shall be deemed the agent of the applicant. It cannot be intended that an application to the defendant's agent makes such agent the agent of the applicant. If it was so intended the words used do not carry out the intent. Upon the whole case we think the plaintiff should have a judgment upon the verdict, with costs.

*Judgment accordingly.*